IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT GILLUM | § | |
| | § | |
| v. | § | |
| | § | |
| HIGH STANDARD, LLC, MICAH DAVID | § | CIVIL ACTION NO. _5:19-cv-01378_____ |
| UNDERWOOD, DOUBLE DOWN | § | |
| TRUCKING LLC, LORA WOOD, CORY | § | |
| WOOD, DALE WOOD AND DANCO | § | |
| TRANSPORT, INC. | § | |

**DEFENDANT DANCO TRANSPORT, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1337, 1441 and 1446, Danco Transport, Inc., ("Danco"), gives notice of its removal of the State Court Action (as defined below).

Danco respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal."

**A.     Background and applicable procedural requirements.**

1.     On October 30, 2018, Scott Gillum initiated suit in the 207th Judicial District Court of Comal County, Texas, as Cause No. C2018-1919B, styled as *Scott Gillum v. High Standard, LLC, et al. (*the "State Court Action").

2.     Danco was first named as a defendant in the State Court Action in Plaintiff's Second Amended Petition, which was filed on October 25, 2019, Danco was served with a copy of the summons and Plaintiff's Second Amended Petition ("Second Amended Petition") in the State Court Action on October 31, 2019.  (*See* **Exhibit "A".**)

3.     This Notice of Removal is timely filed because it is being filed within 30 days after receipt by Danco of the initial pleading setting forth the claims for relief, as required by 28 U.S.C. §1446(b).

4.      Plaintiff alleges in his Second Amended Petition that he sustained damages as a result of an alleged motor vehicle accident that occurred in Comal County, Texas on April 18, 2018.  Plaintiff's Second Amended Petition is not a beacon of clarity; however, it seeks to hold the Danco liable for its freight brokerage activities.  Plaintiff judicially admits that Danco's role in this matter was that of a federally licensed transportation broker:

**X.**
**CAUSES OF ACTION AGAINST**
**DANCO TRANSPORT INC**

**_A. NEGLIGENCE_**

35.      Defendant, DANCO TRANSPORT, INC.is a truck broker providing services to its clients, and as a result, in part receiving financial benefits to itself and others, by entering into contractual and financial agreements with Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC and benefiting Defendant, CORY WOOD and Defendant, LORA WOOD and her husband and Defendant, CORY WOOD's father, Defendant DALE WOOD. Plaintiff asserts that due to the business relationship with Defendant, DANCO TRANSPORT, INC. as a truck broker, Defendant, DANCO TRANSPORT, INC. had a duty to Plaintiff to ensure that Defendant, MICAH DAVID UNDERWOOD was a properly trained and a fit driver, when, in fact, Defendant, MICAH DAVID UNDERWOOD was an unfit, incompetent and dangerous driver. Plaintiff asserts that Defendant, DANCO TRANSPORT, INC. had a duty to ensure that the companies and/or individuals

it hired, retained, or contracted complied with all federal and state regulations and laws, when in fact, Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC were negligent and gross negligent, along with Defendants, CORY WOOD, DALE WOOD, and LORA WOOD. Defendant, DANCO TRANSPORT, INC. failed to comply with its' duties and obligations owed as a truck broker under federal and state regulations and laws, its failures were a proximate cause of Plaintiff's injuries and damages, as complained in this petition.

(**Exhibit "A"**, *Pl's Second Am. Pet. at ¶¶35-36*).

B.   **This is a case involving the original jurisdiction of this Court and thus subject to removal under 28 U.S.C. § 1331.**

5.      This case is removable to this Court under the jurisdictional grant set forth in 28 U.S.C. § 1331, in that Plaintiff's causes of action implicate the Court's original jurisdiction.

6.      Plaintiff alleges negligence-based claims against Danco and these claims arise out of alleged personal injuries.  As pled by Plaintiff, the claims arise from Danco's services as a licensed freight broker arranging for the transportation by motor carrier of goods through both interstate and intrastate commerce.

7.      Removal is proper here because Danco is a licensed freight broker which arranges the transportation of goods through both intrastate and interstate commerce and the claims advanced relate to the services provided by Danco.  The power of the states to regulate the intrastate and interstate transportation of goods is expressly constrained by the Interstate Commerce Commission Termination Act ("ICCTA"), which provides, in pertinent part:

> *a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a* price, route, or *service of* any motor carrier ... or any motor private carrier, *broker*, or freight forwarder *with respect to the transportation of property* . . . .

*See* 49 U.S.C. § 14501(c)(1) (emphasis added) and 49 U.S.C. § 14501(b)(1).  The ICCTA expressly preempts state law claims against freight brokers. Consequently, the claims against a defendant freight broker raise a federal question pursuant to 28 U.S.C.A. § 1331. Specifically, the claims advanced against Danco are a blatant attempt at regulating the "services" offered by a freight broker, *i.e.*, how it chooses a carrier for the transportation of goods through intrastate/interstate commerce.  *See* 49 C.F.R. 371.2(c) (defining freight broker service as: "Brokerage or brokerage service is the arranging of transportation or the physical movement of a motor vehicle or of property.").  Even though the claims advanced by Plaintiff against Danco

sound in state law, those claims fall within the category of claims preempted by 49 U.S.C. §
14501(c)(1) and 49 U.S.C. § 14501(b)(1), because "[s]tate common law counts as an 'other
provision having the force and effect of law.'" *See Non Typical, Inc. v. Transglobal Logistics
Grp. Inc.*, Nos. 10–C–1058, 11–C–0156, 2012 WL 1910076, at *2 (E.D. Wis. May 28, 2012)
(citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8 (1995); *Morales v. Trans World
Airlines, Inc.*, 504 U.S. 374, 388 (1992)).

        8.     The regulation of services provided by a freight broker in interstate and intrastate
commerce has been completely preempted by the express language of 49 U.S.C. § 14501(c)(1)
and 49 U.S.C. § 14501(b)(1).  Under the Interstate Commerce Act, a freight broker is:

> a person, other than a motor carrier or an employee or agent of a
> motor carrier, that as a principal or agent sells, offers for sale,
> negotiates for, or holds itself out by solicitation, advertisement, or
> otherwise as selling, providing, or arranging for, transportation by
> motor carrier for compensation.

49 U.S.C. § 13102(2).  In turn, the term "transportation" includes:

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard,
> property, facility, instrumentality, or equipment of any kind related
> to the movement of passengers or property, or both, regardless of
> ownership or an agreement concerning use; and
>
> (B) *services related to that movement, including arranging for*,
> receipt, delivery, elevation, transfer in transit, refrigeration, icing,
> ventilation, storage, handling, packing, unpacking, and interchange
> of passengers and property.

49 U.S.C. § 13102(23) (emphasis added).  As the statutory language makes clear, the "services"
provided by a freight broker are those of arranging for the transportation of goods via motor
carriers.  *See* 49 C.F.R. § 371.2.  The claims advanced in the instant litigation against Danco seek
to regulate those "services" by imposing a heightened standard of care defined under state
common law.   Under the doctrine of complete preemption, "[w]hen the federal statute
completely pre-empts the state-law cause of action, a claim which comes within the scope of that

4

cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court."  *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2013).  Congress has expressly displaced all state law claims seeking to regulate the manner in which freight brokers select motor carriers.

9.      Property damage claims, similar to Plaintiff's, are routinely removed around the country under the foregoing statute. And the preemption of negligence based claims against freight brokers is not a new or foreign concept in the district courts making up the Fifth Circuit. *See, e.g.*, *Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F. Supp. 2d 638 (N.D. Tex. 2010).  Indeed, as recently as April, a judge in the Southern District of Texas found that negligence based claims against a freight broker were preempted by the FAAAA.   *Enbridge Energy, LP v. Imperial Freight Inc.*, Case No. H-14-2615, 2019 WL 1858881, at *2 (S.D. Tex. April 25, 2019).

10.      This civil action is slightly nuanced in that it advances personal injury, as opposed to property damage claims, but there is no doctrinal reason for a different result.

11.      The following cases have found no doctrinal distinction for treating personal injury claims against a freight broker any different from property damage claims against a freight broker:

a.      *Natalia Volkova, et al v. C.H. Robinson Company, et al.*, 2018 WL 741441 (N.D.Ill. Feb. 7, 2018);

b.      *Donald J. Krauss, et al v. Iris USA, Inc.*, 2018 WL 2063839 (E.D. Penn. May 3, 2018) (A case that relied in part on *Volkova* to find that personal injury claims against a freight broker are preempted);

c.      *Donald J. Krauss, et al v. Iris USA, Inc.*, 2018 WL 3632107 (E.D. Penn. July 31, 2018) (The court addressed the same issue on reconsideration and affirmed);

d.      *Miller v. C.H. Robinson Worldwide, Inc.*, Case No. 3:17-cv-00408-MMD-WGC, 2018 WL 5981840, at *4 (D. Nev. Nov. 14, 2018) (finding preemption because

liability would significantly impact the broker's services, effectively requiring the broker to perform additional services to avoid liability);

e.   *Creagan, Jr., et al v. Wal-Mart Transportation, LLC*, 2018 WL 6523123 (N.D. Ohio Dec. 12, 2018);

f.   *Gregory Loyd v. Paul Salazar d/b/a RAS Trucking, et al.*, 2019 WL 4577108 (W.D. Okla. Sept. 20, 2019);

g.   *Brandy Jackson as Natural Tutrix of the Minor Child, Kenyon Wade v. Stevie Trucking Corporation, et al.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana; and

h.   *Beverly Simpson, et al v. Omega Precision, Inc., et al*, Case No. 34-2017-00210287, Superior Court of the State of California, County of Sacramento.

All of the foregoing cases have found that negligence-based claims against a freight broker arising from alleged personal injuries are preempted as a matter of federal statutory law.

12.   In upholding the preemption afforded freight brokers, Judge Guzman in *Volkova* methodically took apart the common arguments made by plaintiffs in fighting the enforcement of federal preemption:

> The Court, however, respectfully disagrees with the analyses of these courts to the extent that they do not faithfully apply the preemption analysis established by the Supreme Court, as described above. In essence, Plaintiff contends that a proper application of the preemption analysis should be disregarded in a case where the plaintiff is seeking relief for personal injury. (Pl.'s Reply, Dkt. #199, ¶ 7) ("In this case, the plaintiff is the trustee of the estate of her dead husband who was traveling on I-80 when a driver [hired by] Robinson fell asleep and drove into oncoming traffic causing the subject collision....Alex Volkov did not bargain for the possibility of a horrific death caused by the negligent defendants but that is what he received."). The Court recognizes the devastation caused by the accident and certainly sympathizes with Plaintiff. Nevertheless, the Court cannot ignore the straightforward preemption analysis as laid out by the Supreme Court, and finds instructive the analysis in *Rowe v. New Hampshire Motor Transportation Association*, 552 U.S. 364 (2008). In *Rowe*, the Supreme Court found preempted Maine statutes regulating the delivery of tobacco products in spite of the State's argument that the laws were enacted in an "effort[ ] to

protect its citizens' public health, particularly when those laws regulate so dangerous an activity as underage smoking." *Id.* at 373-74. The Supreme Court concluded that "[d]espite the importance of the public health objective, we cannot agree with Maine that the federal law creates an exception on that basis exempting state laws that it would otherwise pre-empt." *Id.* at 374. The Court finds no ground in the instant case on which to depart from this reasoning.

Contrary to Plaintiffs' argument that a finding of preemption leaves her without a remedy, she may and has sought recourse against the carrier, Antioch, and its driver, Nguyen. Nor is Plaintiffs' reliance on § 14501(c) (2)(A), which provides that the FAAAA "shall not restrict safety *regulatory* authority of a State with respect to motor vehicles," persuasive. *Id.* (emphasis added). Plaintiff points to no convincing authority supporting the proposition that a state common law claim for negligent hiring constitutes a safety regulation of a motor vehicle.

*Volkova,* 2018 WL 741441, at *4.

13.     As mentioned above, a similar result was achieved in California state court on October 16, 2017. *See Beverly Simpson, et al v. Omega Precision, Inc., et al*, Case No. 34-2017-00210287, Superior Court of the State of California, County of Sacramento (opinion attached as **Exhibit "B"**). In that case, a freight broker was sued by the family of a driver of a retained motor carrier who was severely injured (and later died) while loading cargo onto his truck.   The decedent's family sued the freight broker on a theory of negligence.   The freight broker moved to dismiss the action arguing that the claims were preempted.   After briefing and oral argument, the Court agreed that the claims against the freight broker were expressly preempted finding that:

A freight broker is not a motor carrier.  The broker does not control the means by which the motor carrier completes its task.  At no time does the broker have care, custody or control over the cargo or the means of transportation.  The preemption set forth in 49 U.S.C. § 14501(c)(1) provides statutory protection in recognition of the broker's limited role.

*Id.*

14.     Likewise, instructing counsel in this matter received a Louisiana state court judgment on Friday, October 11, 2019, upholding preemption in a case arising from an accident that allegedly resulted in two fatalities.  *See Brandy Jackson as Natural Tutrix of the Minor Child, Kenyon Wade v. Stevie Trucking Corporation, et al.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana (judgment attached as **Exhibit "C"**).  In that case, a freight broker was sued by the minor child of an individual who was allegedly killed by a retained motor carrier.  The decedent's family sued the freight broker on a theory of negligence.  The freight broker moved to dismiss the action arguing that the claims were preempted.  After briefing and oral argument, the Court agreed that the claims against the freight broker were expressly preempted finding that "all negligence based claims against a freight broker . . . are preempted by 49 U.S.C. § 14501(c)(1)."  *Id.*

These cases and others referenced above support the proposition that the instant alleged personal injury claims are preempted by federal statute.

15.     Furthermore, there is no Fifth Circuit jurisprudence finding that removal on these grounds is not allowed, thus this removal is made in good faith.  As such, removal of this action is proper under 28 U.S.C. § 1441 because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

16.     Additionally, civil actions are removable pursuant to 28 U.S.C. § 1331 without regard for the citizenship of the parties or the amount in controversy.  *See* 28 U.S.C. § 1441.

17.     This matter is therefore removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Western District of Texas has original subject matter jurisdiction under 28 U.S.C. § 1331.

**C.**  **This is a case involving the original jurisdiction of this Court and thus subject to removal under 28 U.S.C. § 1337.**

18.     As an additional ground, 28 U.S.C. § 1337 supports removal because the claims advanced by Plaintiff arise under an "Act of Congress regulating commerce or protecting trade and commerce against restraints . . . ."  Freight brokers are transportation intermediaries created by Congress and state based claims that seek to enforce a state-law defined standard of care should be viewed as attempts at restraining commerce.

19.     As this Court knows, "[f]ederal question jurisdiction exists if the well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).  The first path, in which federal law creates the cause of action, is the most common path to federal-question jurisdiction.  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  The second path, in which the well-pleaded complaint raises "significant federal issues," *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), is much less common.  The United States Supreme Court recently explained the second path to federal-question jurisdiction as follows: "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (interpreting *Grable*).

20.     In connection with the foregoing, the instant dispute against a federally licensed freight broker arising from its licensed activities fits this second path as well.  More particularly:

        (1)     Plaintiff's right to relief necessarily depends on the resolution of a

substantial question of federal law, i.e., the appropriate standard of care when selecting federally licensed motor carriers.

(2)    Plaintiff's allegations invoking state law negligence claims represent a dispute as to the effect and breadth of federal law as it concerns freight brokers and the services they offer.

(3)    The federal issue is substantial because if Plaintiff is correct that state law applies, freight brokers by necessity must conform to a patchwork of state law based duties of care when selecting federally licensed motor carriers to haul freight through interstate/intrastate commerce.

(4)    To the extent this Court may enforce the intent of Congress to constrain the power of the states to regulate the interstate/intrastate transportation of goods as expressly provided by the ICCTA, this does not disrupt the federal/state balance approved by Congress.

**D.**    **Venue is proper in this Court and the effectuation of removal.**

21.    Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the District Court for the Western District of Texas, San Antonio Division, is the district and division within which the State Court Action is pending.

22.    Danco hereby removes this matter to the United States District Court for the Western District of Texas, San Antonio Division.

23.    Danco allegedly acted as a freight broker in connection with the transaction that is the subject of this action and is consequently entitled to invoke the above-referenced provision, 49 U.S.C. §14501(c)(1).  Danco is not obligated to seek the consent of any non-freight broker defendant in connection with this Notice of Removal.  *See* 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a claim described in paragraph (1)(A) [original jurisdiction] has been asserted are required to join in or consent to the removal under paragraph (1)").

24.    The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced against this Defendant and remain true as of the date of filing of this Notice of Removal.

25.     In addition, pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a Notice of Filing Removal with a copy of this Notice of Removal in the State Court Action.

26.     By virtue of this Notice of Removal, Danco does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure. Further, Danco reserves the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

27.     Plaintiff did demand a trial by jury in the State Court Action.

28.     Accompanying this Notice of Removal is a copy of all process, pleadings, and orders served upon Defendant in the state court action, in accordance with 28 U.S.C. § 1446, identified and incorporated herein as **Exhibit "A"**.

29.     Additionally, and pursuant to Local Rule CV-3(a), a completed Civil-Cover Sheet is attached and incorporated herein as **Exhibit "D"**. As part of **Exhibit "D"** is Defendant's List of All Counsel of Record and *Pro Se* Parties.

30.     Defendant has tendered the filing fee to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, along with the original Notice of Removal. A copy of this Notice of Removal is also being filed in the 207th District Court, Comal County, Texas, and all counsel of record are being provided with complete copies.

31.     Accordingly, Defendant DANCO TRANSPORT, INC. respectfully prays that this action be removed to the United States District Court, Western District of Texas, San Antonio Division.

Respectfully submitted,

**CURNEY, FARMER,
HOUSE, OSUNA & JACKSON, P.C.**
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone: (210) 377-1990
Facsimile: (210) 377-1065

By:    /s/ Nicholas A. Parma
          **Edward L. Osuna**
          State Bar No. 15339460
          eosuna@cfholaw.com
          **Nicholas A. Parma**
          State Bar No. 24007807
          nparma@cfholaw.com

*Attorneys for Defendant Danco Transport, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following through the electronic filing manager, by mail, by commercial delivery service, by fax, by email, or by such other manner as directed by the court on the 25th day of November, 2019.

Gwen W. Tipton / Thomas J. Henry
THOMAS J. HENRY INJURY ATTORNEYS
5711 University Heights Blvd., Suite 101
San Antonio, Texas  78249
*Attorney for Plaintiff*

Fay Cliett Gillham
GILLHAM LAW OFFICE
516 West Hopkins, Suite A
San Marcos, Texas 78666
*Attorney for Double Down Trucking, LLC*

Dale Wood
603 Oakwood Loop
San Marcos, Texas 78666
*Pro Se*

Christopher C. White / Joel A. Richmond
LEWIS BRISBOIS BISGAARD & SMITH, LLP
2100 Ross Avenue, Suite 200
Dallas, Texas  75201
*Attorney for High Standard, LLC and Micah David Underwood*

Cory Wood
323 Lookout Ridge
New Braunfels, Texas 78132
*Pro Se*

Lora Wood
603 Oakwood Loop
San Marcos, Texas 78666
*Pro Se*
    /s/ Nicholas A. Parma
**Edward L. Osuna / Nicholas A. Parma**

C2018-1919B
10/25/2019 9:38 PM
Heather N. Kellar
Comal County
District Clerk
Accepted By:
Annette Leal

**CAUSE NO.: C2018-1919B**

| | | |
|---|---|---|
| SCOTT GILLUM,<br>      **PLAINTIFF** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| VS. | §<br>§ | **207TH JUDICIAL DISTRICT** |
| HIGH STANDARD, LLC, MICAH DAVID<br>UNDERWOOD, AND DOUBLE DOWN<br>TRUCKING LLC<br>      **DEFENDANTS** | §<br>§<br>§<br>§ | **COMAL COUNTY, TEXAS** |

## PLAINTIFF'S SECOND AMENDED PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, SCOTT GILLUM ("Plaintiff"), and complains of HIGH STANDARD, LLC, MICAH DAVID UNDERWOOD, DOUBLE DOWN TRUCKING LLC, LORA WOOD, CORY WOOD, DALE WOOD, and DANCO TRANSPORT, INC. ("Defendants"), and for causes of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff is an individual residing in Comal County, Texas.

3. Defendant, HIGH STANDARD, LLC, is a foreign corporation doing business in Texas that has appeared and answered. HIGH STANDARD, LLC may be served by serving its attorneys of record, Christopher White and Joel Richmond, Lewis Brisbois, 2100 Ross Avenue, Suite 2000, Dallas, Texas 75201.

**EXHIBIT "A"**

4.      Defendant, CORY WOOD is an individual residing in the State of Texas and may be served with citation at 323 Lookout Ridge, New Braunfels, Texas, 78132, or wherever he may be found.

5.      Defendant, MICAH DAVID UNDERWOOD has appeared and answered. Defendant, MICAH DAVID UNDERWOOD may be served by serving its attorneys of record, Christopher White and Joel Richmond, Lewis Brisbois, 2100 Ross Avenue, Suite 2000, Dallas, Texas 75201.

6.      Defendant, DOUBLE DOWN TRUCKING LLC, is a foreign corporation doing business in Texas that has appeared and answered. DOUBLE DOWN TRUCKING LLC may be served by serving its attorney of record, Fay Cliett Gillham, Attorney at Law, 516 West Hopkins, Suite A, San Marcos, Texas 78666.

7.      Defendant, LORA WOOD, is an individual residing in the State of Texas and may be served at 603 Oakwood Loop, San Marcos, Texas 78666, or wherever she may be found.  Citation is requested at this time.

8.      Defendant, DALE WOOD, is an individual residing in the State of Texas and may be served at 603 Oakwood Loop, San Marcos, Texas 78666, or wherever he may be found.  Citation is requested at this time.

9.      Defendant, DANCO TRANSPORT INC., is a corporation doing business in the State of Texas, and may be served with process through its registered agent: E J Hickman, Hickman & Hickman, 1248 Freiheit Rd., New Braunfels, Texas 78130, or wherever the registered agent may be found.  Citation is requested at this time.

### III.
### JURISDICTION AND VENUE

10.     Venue is proper in Comal County, Texas pursuant to § 15.002(a) (1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Comal County, Texas.

EXHIBIT "A"

11.     This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Texas and/or routinely and regularly conduct business in this State.

## IV.
## ALTERNATIVE PLEADING

12.     Plaintiff pleads in the alternative as to any and all causes of action asserted against Defendants in this petition.

## V.
## RESPONDENT SUPERIOR, PRINCIPAL/AGENCY AND RATIFICATION

13.     Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that its officers, agents, servants, employees or representatives did such act and/or that at the time such act was done, and it was done with the full authorization or ratification of Defendants and/or was done in the normal and routine, course and scope of employment with Defendants, its officers, agents, employees and/or representatives. As such Defendant HIGH STANDARD, LLC, DOUBLE DOWN TRUCKING, CORY WOOD, LORA WOOD, DALE WOOD and DANCO TRANSPORT INC., are responsible for the actions and inactions of their officers, servants, agents, employees and/or representatives.

## VI.
## ALTER EGO/SHAM CORPORATE STRUCTURES

14.     Plaintiff alleges that Defendants HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING are owned and managed by their individual capacity with complete disregard to the corporate formalities and structure. Defendant HIGH STANDARD, LLC is owned, and managed with complete disregard to the corporate formalities, by Defendant CORY WOOD. Defendant DOUBLE DOWN TRUCKING, LLC is owned, and managed with complete disregard to the corporate formalities, by Defendants LORA WOOD and DALE WOOD. Plaintiff further alleges that Defendant CORY WOOD pays his mother, Defendant LORA WOOD, while acting in her

**EXHIBIT "A"**

individual capacity, a guaranteed monthly income for performing services for Defendant HIGH STANDARD, LLC, while at the same time Defendant LORA WOOD is still the only individual with authority over Defendant DOUBLE DOWN TRUCKING, LLC

15.   It is believed that both Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC, have disregarded the corporate form of each corporate entity and used their respective corporate structures to attempt to shield their true actions/inactions in their respective individual capacities.

16.   Plaintiff asserts that Defendants CORY WOOD, LORA WOOD, and DALE WOOD are liable under alter-ego and corporate sham principles. As such, Defendants CORY WOOD, LORA WOOD, and DALE WOOD are also responsible for all actions/inactions by Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC.

## VI.
## FACTS

17.   On or about April 18, 2018, Plaintiff, SCOTT GILLUM, was operating his motor vehicle in a lawful manner in Comal County, Texas, when suddenly, violently, and without warning, the Plaintiff's vehicle was violently struck in the back by a tractor trailer driven by Defendant, MICAH DAVID UNDERWOOD. The tractor trailer driven by Defendant, MICAH DAVID UNDERWOOD was owned by Defendant, HIGH STANDARD, LLC. and/or Defendant, DOBULE DOWN TRUCKING, LLC. Defendant, MICAH DAVID UNDERWOOD may have been paid for his employment by Defendant, HIGH STANDARD, LLC and/or Defendant, DOUBLE DOWN TRUCKING, LLC. Defendant, MICAH DAVID UNDERWOOD was operating a company tractor trailer while in the course and scope of employment with his employers, HIGH STANDARD, LLC and/or DOUBLE DOWN TRUCKING LLC. The Texas Department of Public Safety investigated this crash and determined that the tractor trailer driven by Defendant, MICAH DAVID

EXHIBIT "A"

UNDERWOOD, and owned by Defendant, HIGH STANDARD, LLC. and/or Defendant, DOUBLE DOWN TRUCKING, LLC, crashed into the back of Plaintiff's vehicle due to the Defendant driver's failure to control his speed, and other factors solely within Defendant MICAH DAVID UNDERWOOD's control.  As a result of the collision, Plaintiff sustained injuries to his head, cervical and lumbar spine and other parts of his body, as more fully set forth below.

18.     Plaintiff asserts that Defendant, DANCO TRANSPORT, INC. has financial and contractual relationship with Defendants, HIGH STANDARD, LLC and CORY WOOD, which results in income to all Defendants named in this lawsuit, including the services of Defendant, MICAH DAVID UNDERWOOD.  Further, Plaintiff asserts that Defendant Danco Transport Inc. had control over the selection and hiring of Defendant HIGH STANDARD, LLC. and/or Defendant DOUBLE DOWN TRUCKING, LLC's employee, Defendant MICAH DAVID UNDERWOOD.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT MICAH DAVID UNDERWOOD

### A.     NEGLIGENCE

19.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendant, MICAH DAVID UNDERWOOD, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care of his motor vehicle in one or more of the following respects:

        a.     Failing to timely apply the brakes in an effort to avoid the collision, when in the exercise of due care, he could have and should have done so;

        b.     Operated the vehicle at a rate of speed far too great under the conditions then and there existing;

        c.     Driving a vehicle inattentively;

EXHIBIT "A"

d.   Failing to maintain control of the vehicle;

e.   Failing to stop the vehicle in time to avoid a collision, when in the exercise of due care, he could have and should have done so;

f.   Failing to turn his vehicle to the left or right in order to avoid hitting the vehicle in the intersection, when in the exercise of due care, he could have and should have done so;

g.   Failing to blow his horn to warn of an imminent collision;

h.   Failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under the same or similar circumstances;

i.   Failing to properly inspect the vehicle prior to the incident made the basis of this lawsuit;

j.   Failing to control his speed; and

h.   Failing to keep an assumed clear distance between his vehicle and the vehicle operated by the Plaintiff.

## B.   NEGLIGENCE PER SE

20.   Further, Defendant failed to exercise the mandatory standard of care in violation of the Texas Transportation Code, §§545.062 and 545.352, pursuant to the Negligence Per Se Doctrine which mandates that:

### §545.062. Following Distance.

a.   An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway;

**EXHIBIT "A"**

**§545.352. Prima Facie Speed Limits.**

    a.    A speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful;

    b.    Unless a special hazard exists that requires a slower speed for compliance with Section 545.351(b) , the following speeds are lawful;

        (1).    30 miles per hour in an urban district on a street other than an alley and 15 miles per hour in an alley;

        (2)    Except as provided by Subdivision (4), 70 miles per hour on a highway numbered by this state or the United States outside an urban district, including a farm-to-market or ranch-to-market road;

        (3)    Except as provided by Subdivision (4), 60 miles per hour on a highway that is outside an urban district and not a highway numbered by this state or the United States;

        (4)    Outside an urban district:

            (a)    60 miles per hour if the vehicle is a school bus that has passed a commercial motor vehicle inspection under Section 548.201 and is on a highway numbered by the United States or this state, including a farm-to-market road;  or

            (b)    50 miles per hour if the vehicle is a school bus that:

            (i) has not passed a commercial motor vehicle inspection under Section 548.201; or

EXHIBIT "A"

(ii) is traveling on a highway not numbered by the United States or this

state;

    (5)    on a beach, 15 miles per hour; or

    (6)    on a county road adjacent to a public beach, 15 miles per hour, if declared

by the commissioners' court of the county.

**C.**    ***GROSS NEGLIGENCE***

21.    Defendant, MICAH DAVID UNDERWOOD's negligent conduct was more than momentary

thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant, MICAH DAVID

UNDERWOOD, outlined in the above paragraphs constitute gross negligence as that term is defined

in §41.001(11) of the Civil Practice & Remedies Code. Defendant's conduct involved an extreme

degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.

Defendant had actual, subjective awareness of the risk involved but, nevertheless proceeded in

conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

22.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the

occurrence in question and the resulting injuries and damages sustained by Plaintiff.

23.    Each of these acts and/or omissions, whether taken singularly or in any combination

constitute negligence, negligence per se, and gross negligence which proximately caused the

collision and injuries and other losses as specifically set forth herein.

**VIII**
**CAUSES OF ACTION AGAINST**
**HIGH STANDARD, LLC AND DOUBLE DOWN TRUCKING LLC**

**A.**    ***RESPONDEAT SUPERIOR***

24.    MICAH DAVID UNDERWOOD, an agent, servant, statutory employee, employee and/or

co-employee for Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING LLC,

**EXHIBIT "A"**

was acting within the course and scope of his employment or official duties for Defendants and in furtherance of the duties of their office or employment. As such, Defendants are further liable for the negligent acts and omissions of MICAH DAVID UNDERWOOD under the doctrine of *Respondeat Superior*.

25.    Each and all of the foregoing acts and/or omissions of MICAH DAVID UNDERWOOD was negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and were a proximate cause of Plaintiff's injuries and damages.

**B.    NEGLIGENT ENTRUSTMENT**

26.    Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING LLC, were independently negligent by negligently entrusting their tractor trailer to Defendant, MICAH DAVID UNDERWOOD, when they knew or should have known that Defendant, MICAH DAVID UNDERWOOD, was an incompetent or reckless driver.

27.    Defendant, MICAH DAVID UNDERWOOD, was liable for causing the collision made the basis of this lawsuit and Defendant MICAH DAVID UNDERWOOD's negligence was a proximate cause of the Plaintiff's injuries.

**C.    NEGLIGENT HIRING/RETENTION/TRAINING**

28.    Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING LLC, were also independently negligent in one or more of the following respects:

     a.    negligent hiring;

     b.    negligent driver qualifications;

     c.    negligent training;

     d.    negligent supervision and monitoring of Defendant, MICAH DAVID UNDERWOOD;

EXHIBIT "A"

e.      negligent retention;

f.      negligent contracting;

g.      negligent maintenance;

h.      Defendants failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

i.      Defendants placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred.

### D.   GROSS NEGLIGENCE

29.     Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

30.     The acts and/or omissions by Defendants outlined above constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) Civil Practice & Remedies Code. Defendants was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff.

31.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

32.     Each of these acts and/or omissions whether taken singularly or in any combination

EXHIBIT "A"

constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future if not for the remainder of his natural life.

## IX.
## ALTER EGO THEORY- PIERCING OF THE CORPORATE VEIL, SHAM TO PERRPRETRATE A FRAUD BY DEFENDANTS, HIGH STANDARD, LLC, CORY WOOD, INDIVIDUALLY, DOUBLE DOWN TRUCKING, LLC, AND LORA WOOD AND DALE WOOD, INDIVIDUALLY

33.     Defendant HIGH STANDARD, LLC is allegedly owned and managed solely by Defendant, CORY WOOD, in his individual capacity with complete disregard to the corporate formalities. Defendant DOUBLE DOWN TRUCKING, LLC is allegedly owned solely by Cory Wood's parents, Defendants LORA WOOD and DALE WOOD. Defendant LORA WOOD is allegedly the sole officer and director of DOUBLE DOWN TRUCKING, LLC. Plaintiff asserts that in reality, LORA WOOD and DALE WOOD, manage and act as co-owners, individually and jointly, operating without any corporate structure. Plaintiff further asserts that Defendant CORY WOOD pays his mother, Defendant LORA WOOD, a guaranteed monthly income for allegedly performing services for Defendant HIGH STANDARD, LLC while allegedly acting in her individual capacity. Defendant HIGH STANDARD, LLC and/or Defendant CORY WOOD also allegedly employ Defendant CORY WOOD's father, DALE WOOD for operating tractor-trailers owned and managed by Defendants HIGH STANDARD, LLC, CORY WOOD, DOUBLE DOWN TRUCKING, LLC, DALE WOOD, and LORA WOOD. Thus, disregarding the corporate formalities and separateness of Defendants HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC.

34.     It is believed that both Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC, have disregarded the corporate form of each corporate entity and used their respective corporate structures to attempt to shield their true actions/inactions in their respective

EXHIBIT "A"

individual capacities. Plaintiff asserts that Defendant HIGH STANDARD, LLC is managed by Defendant CORY WOOD in his individual capacity and that Defendant DOUBLE DOWN TRUCKING, LLC is managed by Defendants LORA WOOD and DALE WOOD, in their individual capacities. As such, Defendants HIGH STANDARD, LLC and Defendant, CORY WOOD is also responsible for all actions/inactions of Defendant, DOUBLE DOWN TRUCKING, LLC, its contract employees, agents, representatives and/or employees and Defendant LORA WOOD, is liable in her individual capacity. Based on the facts and evidence developed in the lawsuit at this time, Defendant, DOUBLE DOWN TRUCKING, LLC and Defendants, LORA WOOD and DALE WOOD are also responsible for all actions/inactions by Defendant, HIGH STANDARD, LLC and Defendant, CORY WOOD, its contract employees, agents, representatives and/or employees.

## X.
## CAUSES OF ACTION AGAINST
## DANCO TRANSPORT INC

### A. NEGLIGENCE

35.     Defendant, DANCO TRANSPORT, INC.is a truck broker providing services to its clients, and as a result, in part receiving financial benefits to itself and others, by entering into contractual and financial agreements with Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC and benefiting Defendant, CORY WOOD and Defendant, LORA WOOD and her husband and Defendant, CORY WOOD's father, Defendant DALE WOOD. Plaintiff asserts that due to the business relationship with Defendant, DANCO TRANSPORT, INC. as a truck broker, Defendant, DANCO TRANSPORT, INC. had a duty to Plaintiff to ensure that Defendant, MICAH DAVID UNDERWOOD was a properly trained and a fit driver, when, in fact, Defendant, MICAH DAVID UNDERWOOD was an unfit, incompetent and dangerous driver. Plaintiff asserts that Defendant, DANCO TRANSPORT, INC. had a duty to ensure that the companies and/or individuals

EXHIBIT "A"

it hired, retained, or contracted complied with all federal and state regulations and laws, when in fact, Defendants, HIGH STANDARD, LLC and DOUBLE DOWN TRUCKING, LLC were negligent and gross negligent, along with Defendants, CORY WOOD, DALE WOOD, and LORA WOOD. Defendant, DANCO TRANSPORT, INC. failed to comply with its' duties and obligations owed as a truck broker under federal and state regulations and laws, its failures were a proximate cause of Plaintiff's injuries and damages, as complained in this petition.

**B.      *NEGLIGENT HIRING/RETENTION/TRAINING***

36.      Defendant, DANCO TRANSPORT, INC. was also independently negligent in one or more of the following respects:

a.      negligent hiring;

b.      negligent driver qualifications;

c.      negligent training;

d.      negligent supervision and monitoring of Defendant, MICAH DAVID UNDERWOOD;

e.      negligent supervision and monitoring of Defendants, HIGH STANDARD, CORY WOOD, DOUBLE DOWN TRUCKING, LLC and LORA WOOD;

f.      negligent contracting;

g.      negligent maintenance;

h.      Defendant failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of contracted companies, individuals managing the companies, and contracted drivers occurred;

i.      Defendant placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the

EXHIBIT "A"

event of an accident like that which occurred.

## C. *GROSS NEGLIGENCE*

37.     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

38.     The acts and/or omissions by Defendant outlined above constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) Civil Practice & Remedies Code. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including the Plaintiff.

39.     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiff.

40.     Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future if not for the remainder of his natural life.

## XI.
## DAMAGES

41.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered severe bodily injuries, mental stress and anguish, and diminution and impairment of activities of daily living. The injuries have had a serious effect on the Plaintiff's wellbeing. Some

EXHIBIT "A"

of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.

42.    As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the subject incident. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

43.    As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary.

44.    By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this court, and for which he now sues.

45.    Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief over ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) and a demand for judgment for all the other relief to which Plaintiff deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change.

## XII.
## INTEREST

46.    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## XIII.
## DEMAND FOR JURY TRIAL

47.    Plaintiff demands a trial by jury. Plaintiff acknowledges payment of the required jury fee on October 30, 2018.

EXHIBIT "A"

## XIV.
## NOTICE OF SELF-AUTHENTICATION

48.      Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are

hereby noticed that the production of any document in response to written discovery authenticates

the document for use against that party in any pretrial proceeding or at trial.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to

appear and answer, and on final trial, Plaintiff has judgment against Defendants jointly and severally,

in an amount within the jurisdictional limits of this Court, together with all pre judgment and post

judgment interest as allowed by law, costs of Court, and for such other and further relief to which

Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;
7.    Physical impairment in the past;
8.    Physical impairment in the future;
9.    Physical disfigurement in the past;
10.   Physical disfigurement in the future;
11.   Loss of earnings;
12.   Loss of earning capacity, past and future;
13.   Pre-judgment interest;
14.   Post judgment interest; and
15.   Exemplary damages.

EXHIBIT "A"

RESPECTFULLY SUBMITTED,

THOMAS J. HENRY INJURY ATTORNEYS
5711 UNIVERSITY HEIGHTS BLVD., STE 101
SAN ANTONIO, TEXAS 78249
PHONE: (210) 656-1000
FAX: (361) 985-0601

BY: _____
GWEN W. TIPTON
STATE BAR NO.: 21437300
*email: gtipton-svc@thomasjhenrylaw.com
ATTORNEYS FOR PLAINTIFF
*service by email to this address only

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served in accordance with the Texas Rules of Civil Procedure on the 25th day of October, 2019.

*Via E-Service and/or E-Mail:*
Christopher C. White
Joel A. Richmond
Lewis Brisbois Bisgaard & Smith, LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Tel: (214) 722-7100
Fax: (214) 722-7111
Email: Chris.White@lewisbrisbois.com
Email: Joel.Richmond@lewisbrisbois.com
*Attorneys for Defendants, High Standard, LLC & Micah David Underwood*

Fay Cliett Gillham
516 West Hopkins, Suite A
San Marcos, Texas 78666
Telephone: (512) 392-3300
Facsimile: (512) 392-3334
Email: faygillham@austin.rr.com
*Attorney for Defendant, Double Down Trucking, LLC*

_____
GWEN W. TIPTON

**EXHIBIT "A"**

**BOUTIN JONES INC.**
Robert D. Swanson (SBN 162816)
Kevin C. Davis (SBN 253425)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
Telephone: (916) 321-4444
Facsimile: (916) 441-7597
Email:   rswanson@boutinjones.com
         kdavis@boutinjones.com

Attorneys for Defendant All-Ways Trucking, Inc.

FILED
ENDORSED

2017 OCT 16  AM 10: 54

SACRAMENTO COURTS
DEPT. #53

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| BEVERLY SIMPSON, individually and as Successor in Interest to MATTHEW SIMPSON, decedent,<br><br>                    Plaintiffs,<br><br>     v.<br><br>OMEGA PRECISION, INC., S. PETERSON ENTERPRISES, INC., SEAN PETERSON, ALL-WAYS TRUCKING, SAMPSON TRANSPORT, LLC, KINDRED HEALTHCARE OPERATING, INC. dba KINDRED HOSPITAL SAN FRANCISCO BAY AREA, CENTRAL VALLEY SPECIALTY HOSPITAL, INC., VIBRA HOSPITAL OF SACRAMENTO, LLC and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 34-2017-00210287<br><br>[PROPOSED] ORDER SUSTAINING DEFENDANT ALL-WAYS TRUCKING, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND<br><br>Date:      **September 25, 2017**<br>Time:      **2:00 p.m.**<br>Dept.:     **53**<br>Judge:    **Hon. David I. Brown**<br><br>Action Filed:     **April 3, 2017** |

The general demurrer of Defendant All-Ways Trucking, Inc.[1] to Plaintiff's Complaint was duly scheduled for hearing on September 25, 2017 at 2:00 p.m. in Department 53 of the above-entitled Court, the Honorable David I. Brown, presiding.

After full consideration of the authorities and written arguments submitted by counsel, the

---

[1] Plaintiff erroneously sued Defendant All-Ways Trucking, Inc. as "All-Ways Trucking" in her Complaint.

1

**EXHIBIT "B"**

OCT 1 2 2017

Court issued its tentative ruling sustaining the Demurrer without leave to amend as follows:

Defendant All-Ways Trucking's Demurrer to Plaintiff Beverly Simpson's original Complaint is SUSTAINED, without leave to amend.

The declaration of moving counsel Davis satisfies the requirements of C.C.P., sec. 430.41.

Plaintiff Beverly Simpson's original complaint filed April 3, 2017, sets forth five causes of action against the named defendants: the 1st for negligence, the 2nd for wrongful death, the 3rd for wrongful death-professional negligence, the 4th for dependent adult abuse and the 5th for wrongful death of Marjorie Simpson. The only the 1st and 2nd causes of action are alleged against moving defendant All-Ways Trucking.

Plaintiff's Complaint seeks to hold various defendants from transportation companies and healthcare providers liable for alleged negligent acts that lead to the death of Matthew Simpson.

Plaintiff addresses five paragraphs of the Complaint to All-Ways:

SAMPSON successfully bid a job brokered by ALL-WAYS TRUCKING that required cargo be picked up on June 15, 2015 from OMEGA in Mukilteo, Washington and transported by June 16 to June 17, 2015 to PETERSON in Santa Ana, California. (Compl., ¶ 23)

To effectuate their agreement, PETERSON placed the freight request with a broker, ALL-WAYS TRUCKING, who put the transport out to bid. The bid generally describes the cargo as "machinery", 1 unit, 35,000 lbs., but does not identify dimensions. SAMPSON submitted the successful bid and secured the right to transport the cargo from Washington to California. (Compl., ¶ 26)

The contract between ALL-WAYS TRUCKING and SAMPSON to transport the cargo does not disclose the dimensions of the machine, it does not mention who would be responsible to load and secure the machine, it did not mention the machines would be coated with oil residue, but it does identify $2,300.00 payable to SAMPSON for Carrier Freight Pay and $100.00 payable to SAMPSON for "Tarping." (Compl., ¶ 27)

For these and other reasons, OMEGA, PETERSON, and ALL-WAYS TRUCKING owed a duty of reasonable care to bidders, carriers, and drivers, such as and including SAMPSON and MATTHEW, to provide, disclose, and/or divulge the height, width, dimensions, and condition of the cargo in a manner and at a time that would allow sufficient time to make plans and obtain equipment to do the work. (Compl., ¶ 52)

OMEGA, PETERSON, and ALL-WAYS TRUCKING only identified the cargo as 1-piece of machinery that weighed 35,000 pound [sic]. OMEGA, PETERSON, and ALL-WAYS TRUCKING did not provide, disclose, and/or divulge the dimensions, heights, widths, and/or conditions of the 2-machines. OMEGA, PETERSON and ALL-WAYS TRUCKING, in breaching their duty to disclose and provide information, caused the work to be done without proper planning, with the wrong tarp, with the wrong procedure, and substantially increased the dangers associated with the work. (Compl., ¶ 53)

898467.1

EXHIBIT "B"

Demurrers to the 1st for negligence and the 2nd for wrongful death are SUSTAINED, without leave to amend.

Defendant demurs to both causes of action on the grounds that they each fail to state facts sufficient to state a claim against moving defendant.

*Express Preemption*

The U.S. Constitution, Art. VI, § 2 contains the Supremacy clause which provides that the Constitution and laws of the US are the supreme law of the land. The US Supreme court recognizes two types of preemption, express and implied. (*Gade v. National Solid Wastes Management Ass'n* (1992) 505 U.S. 88, 98.) As the U.S. Supreme Court has recognized, where Congress has superseded state laws by statute, the court's task is to "identify the domain expressly pre-empted," and the court does that by looking to the statutory language, "which necessarily contains the best evidence of Congress' pre-emptive intent." *Dan's City Used Cars, Inc. v. Pelkey*, (2013) 569 U.S. 251; 133 S. Ct. 1769, 1778.

As All-Ways is a licensed freight broker (49 U.S.C. § 13102(2)), it asserts that the claims against it should be dismissed because state law claims seeking to control the way in which a freight broker provides services are expressly preempted by 49 U.S.C. § 14501(c)(1).

That statute provides: "General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4) [49 USCS § 41713(b)(4)]) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." (49 U.S.C. § 14501(c)(1))

Here, the statute's language creates an express preemption, which is applicable to California common law tort actions, as state laws subject to preemption under the Supremacy Clause. (*Cipollone v. Liggett Group* (1992) 505 U.S. 504, 521.)

The US Supreme Court held that (1) state enforcement actions having a connection with, or reference to carrier rates, routes, or services are pre-empted, (2) that such pre-emption may occur even if a state law's effect on rates, routes, or services is only indirect, (3) that, in respect to pre-emption, it makes no difference whether a state law is consistent or inconsistent with federal regulation and (4) that pre-emption occurs at least where state laws have a significant impact related to Congress' deregulatory and pre-emption-related objectives. (*Rowe v. N.H. Motor Transp. Ass'n* (2008) 552 U.S. 364, 370-371, citing *Morales v. TWA* (1992) 504 U.S. 374)

Here, plaintiffs' claims against All-Ways, the broker, for alleged negligence in arranging for carriage by Sampson as the motor carrier, because Sampson was for the reasons alleged unsafe and dangerous to the public, seeks to impose state-law requirements on All-Ways, in excess of those required by federal law, and directly impacting the brokers' services.

When a state common-law claim against a motor private carrier or a broker is preempted by 49 U.S.C. §14501(c)(1), a plaintiff is left with no claim at all against a defendant who has successfully invoked preemption. While that may seem to be an anomalous result of the interplay between the ICCTA preemption provision and the Carmack Amendment, there is no good basis for arguing that Congress did not

ORDER SUSTAINING DEMURRER WITHOUT LEAVE TO AMEND

808467.1

EXHIBIT "B"

1   intend that result, given its interest in standardizing and simplifying the adjudication
2   of claims arising in the context of interstate shipping. (*Ameriswiss Tech. v. Midway Line of Ill., Inc.* (2012 DNH) 888 F.Supp.2d 197, 207.)

3   A freight broker is not a motor carrier. The broker does not control the means
    by which the motor carrier completes its task. At no time does the broker have care,
4   custody or control over the cargo or the means of transportation. The preemption set
    forth in 49 U.S.C. § 14501(c)(1) provides statutory protection in recognition of the
5   broker's limited role.

6   The Court finds that the claims against the broker All-Ways are expressly
    preempted by federal statute. The demurrer is sustained, without leave to amend.

7   As the Court has found the claims against All-Ways to be expressly
8   preempted, it does not address the alternative argument, this Court should dismiss
    Plaintiff s claims because Plaintiff has failed to allege facts showing that All-Ways
9   owed a duty of care to the decedent, which is an essential element to each of the
    claims.

10  Plaintiff requested to be heard on the tentative ruling. At the hearing conducted September

11  25, 2017, Plaintiff appeared by her attorney Stephen Davids of the Amerio Law Firm. Defendant All-

12  Ways Trucking, Inc. appeared by its attorneys Kevin Davis of Boutin Jones Inc. and *pro hac vice*

13  counsel Andrew deKlerk of Frilot L.L.C. Other Defendants appeared by their counsel at the hearing

14  but did not offer argument on Defendant All-Ways Trucking, Inc.'s Demurrer.

15  The matter was argued by counsel and submitted for decision. Having further considered the

16  matter in light of the oral arguments of counsel at the hearing, and good cause appearing, the Court

17  affirmed its tentative ruling in a Minute Order issued on September 28, 2017.

18  Now, therefore, IT IS ORDERED that Defendant All-Ways Trucking, Inc.'s Demurrer to

19  Plaintiff's Complaint is sustained without leave to amend, and that a judgment should be entered in

20  Defendant All-Ways Trucking, Inc.'s favor dismissing it from the above-entitled action with costs.

21

22                    OCT 1 6 2017

23  DATED: _____          _____

                                            DAVID I. BROWN
24
                                            JUDGE OF THE SUPERIOR COURT
25

26

27

28

                                    4
                ORDER SUSTAINING DEMURRER WITHOUT LEAVE TO AMEND
808467.1                                                            **EXHIBIT "B"**

CASE TITLE:     *Simpson v. Omega, et al..*

COURT/CASE NO:   Sacramento County Superior Court Case No.: 34-2017-00210287

## PROOF OF SERVICE

I am employed in the County of Sacramento; my business address is 555 Capitol Mall, Suite 1500, Sacramento, California 95814.  I am over the age of eighteen years and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 6, 2017, I served the within:

**[PROPOSED] ORDER SUSTAINING DEFENDANT ALL-WAYS TRUCKING, INC.'S DEMURRER TO PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND**

☐ **By mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below.  Mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Sacramento, California.

☐ **by personally delivering** a true copy thereof, in accordance with Code of Civil Procedure § 1011, to the person(s) and at the address(es) set forth below.

☒ **by overnight delivery** on the following party(ies) in said action, in accordance with Code of Civil Procedure § 1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure § 1013(c).

☐ **by email** to the email address set forth below addressed to the person(s) on whom it is to be served, whose name(s) and address(es) are listed below:

## SEE ATTACHED

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on October 6, 2017.

Brenda Bracy
Brenda Bracy

1

Proof of Service
882127.1

EXHIBIT "B"

| | |
|---|---|
| Ashley R. Amerio, Esq.<br>AMERIO LAW FIRM, P.C.<br>1651 Response Road, Suite 111<br>Sacramento, CA 95815<br>TEL: (916) 419-1111<br>FAX: (916)<br>***Attorney for Plaintiffs*** | Bradford J. Hinshaw, Esq.<br>KINSHAW, MARSH & HINSHAW LLP<br>12901 Saratoga Avenue<br>Saratoga, CA 95070<br>TEL: (408) 861-6500<br>FAX: (408) 257-6645<br><br>***Attorneys for Vibra Hospital of Sacramento, LLC*** |
| Daniel P. Costa, Esq.<br>Lisa L. Bradner, Esq.<br>THE COSTA LAW FIRM<br>2489 Sunrise Blvd., Suite A<br>Gold River, CA 95670<br>TEL: (916) 400-2734<br>FAX: (916) 400-2744<br>***Attorneys for Defendant Omega Precision, Inc.*** | Alexander F. Giovanniello, Esq.<br>Danielle M. VandenBos, Esq.<br>GIOVANNIELLO LAW GROUP<br>One Point Drive, Suite 300<br>Brea, CA 92821<br>TEL: (714) 364-4000<br>FAX: (714) 364-4001<br>***Attorneys for Defendant THC Orange County, Inc., dba Kindred Hospital San Francisco Bay Area*** |
| David A. Depolo, Esq.<br>DONNELLY NELSON DEPOLO &<br>MURRAY<br>201 North Civic Drive, Suite 239<br>Walnut Creek, CA 94596-3879<br>TEL: (925) 287-8181<br>FAX: (925) 287-8188<br>***Attorneys for Defendant Central Valley Specialty Hospital*** | Krsto Mijanovic, Esq.<br>Lisa R. Hsiano, Esq.<br>HAIGHT BROWN & BONESTEEL LLP<br>555 South Flower Street, 45th Floor<br>Los Angeles, CA 90071<br>TEL: (213) 542-8000<br>FAX: (213) 542-8100<br><br>Steven A. Scordalakis, Esq.<br>HAIGHT BROWN & BONESTEEL LLP<br>2485 Natomas Park Drive, Suite 450<br>Sacramento, CA 95833<br>TEL: (916) 702-3200<br>FAX: (916) 702-3230<br>***Attorneys for Defendant Sampson Transport, LLC*** |

2

EXHIBIT "B"

Civil District Court for the Parish of Orleans
**STATE OF LOUISIANA**

No: 2019 - 04634

Division/Section: D-12

JACKSON, BRANDY ET AL
versus
STEVIE TRUCKING CORPORATION  ET AL

Date Case Filed: 5/2/2019

NOTICE OF SIGNING OF JUDGMENT

TO:

```
Kristi A Post Esq      17752
701 Poydras Street
Suite 4100
New Orleans, LA 70139

James T Rivera Esq     23913
100 E. VERMILION
SUITE 301; P.O. BOX 4422
Lafayette, LA 70502

Andrew S De Klerk Esq     01045
Ste 3600
1100 Poydras St
New Orleans, LA 70163-3600

Thomas R Temple Esq    26130
PO Box 3197
Baton Rouge, LA 70821-3197

Dennis J Phayer Esq    10408
5213 Airline Drive
Metairie, LA 70001

Raymond C Lewis Esq    31236
755 Magazine Street
New Orleans, LA 70130
```

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment in the above entitled and numbered cause was signed on October 10, 2019

New Orleans, Louisiana
October 10, 2019

MINUTE CLERK

**EXHIBIT "C"**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2019-4634

DIVISION D-12

BRANDY JACKSON, AS NATURAL TUTRIX
OF THE MINOR CHILD, KENYON WADE

VERSUS

STEVIE TRUCKING CORPORATION, ET AL.

FILED:_____

_____
DEPUTY CLERK

## JUDGEMENT

On September 27, 2019, a Peremptory Exception of No Cause of Action filed by Allen

Lund Company, L.L.C., came before the Court for hearing. Present in Court were the following:

Kristi A. Post, counsel for plaintiff, Brandy Jackson, as Natural Tutrix of the Minor Child,
Kenyon Wade;

Druit G. Gremillion Jr., counsel for defendant, James Construction Group, L.L.C.; and

Andrew S. De Klerk and Brandon K. Thibodeaux, counsel for defendant, Allen Lund
Company, L.L.C.

Considering the law, evidence, argument, and memoranda of counsel, the Court ruled as

follows:

**IT IS HEREBY ORDERED** that the Peremptory Exception of No Cause of Action is

hereby **GRANTED** because all negligence based claims against a freight broker such as Allen

Lund Company, L.L.C. are preempted by 49 U.S.C. § 14501(c)(1).

**IT IS FURTHER ORDERED** that all claims against Allen Lund Company, L.L.C. are

**DISMISSED WITH PREJUDICE.**

Judgment rendered in open court on the 27th day of September, 2019.

Judgment read and signed, in chambers, on /6th day of October, 2019.

Sgd Nakisha Ervin-Knott
Judge, Division "D"
A TRUE COPY

_____
JUDGE NAKISHA ERVIN-KNOTT
DIVISION "D" – CIVIL DISTRICT COURT

Civil District Court
Parish of Orleans, State of La.

PLEASE SEND NOTICE OF THE
SIGNING OF THIS JUDGMENT
TO ALL PARTIES.

EXHIBIT "C"

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO. 2019-4634

DIVISION D-12

**BRANDY JACKSON, AS NATURAL TUTRIX
OF THE MINOR CHILD, KENYON WADE**

**VERSUS**

**STEVIE TRUCKING CORPORATION, ET AL.**

FILED:_____

_____
DEPUTY CLERK

## RULE 9.5 CERTIFICATE

I certify that my office circulated this proposed judgment to counsel for all parties by electronic mail on September 30, 2019, and that:

No opposition has been received by the time of the filing of this proposed judgment.

I have allowed at least five (5) working days before presentation to the court.

Certified this _8th_ day of October, 2019.

_____
ANDREW S. DE KLERK,
Attorney for Defendant, Allen Lund Company, L.L.C.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

SCOTT GILLUM

**(b)**   County of Residence of First Listed Plaintiff    COMAL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Thomas J. Henry Injury Attorneys, Atty Gwen W. Tipton, 5711 University Heights Blvd.#101, San Antonio, TX 78249, Tel: 210-656-1000

## DEFENDANTS

DANCO TRANSPORTATION, INC.

County of Residence of First Listed Defendant    COMAL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Curney, Farmer, House, Osunsa & Jackson, PC, Atty Nicholas Parma, 411 Heimer Rd., San Antonio, TX 78232, Tel: 210-377-1990

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 2   U.S. Government
Defendant

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability   Liability | | **LABOR**   **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits |  **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Product Liability   ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  | ☐ 360 Other Personal   Property Damage | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  | Injury   ☐ 385 Property Damage |  |  | ☐ 895 Freedom of Information |
|  | ☐ 362 Personal Injury -   Product Liability |  |  | Act |
|  | Medical Malpractice |  |  |  |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  |  |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:**   ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | |
|  | ☐ 448 Education | ☐ 550 Civil Rights | | |
|  | | ☐ 555 Prison Condition | **IMMIGRATION** | |
|  | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding
☒ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation - Transfer
☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1331
Brief description of cause:
Rear-end Collision/Broker Liability

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   N/A

DOCKET NUMBER

DATE
11/25/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nicholas A. Parma

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

**EXHIBIT " D"**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SCOTT GILLUM | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _5:19-cv-01378____ |
| HIGH STANDARD, LLC, MICAH DAVID | § | |
| UNDERWOOD, DOUBLE DOWN | § | |
| TRUCKING LLC, LORA WOOD, CORY | § | |
| WOOD, DALE WOOD AND DANCO | § | |
| TRANSPORT, INC. | § | |

**LIST OF COUNSEL OF RECORD**

1.      **Plaintiff and his attorneys of record:**

Gwen W. Tipton / Thomas J. Henry
THOMAS J. HENRY INJURY ATTORNEYS
5711 University Heights Blvd., Suite 101
San Antonio, Texas  78249
(210) 656-1000 (Telephone)
(361) 985-0601 (Facsimile)
Email: Gtipton-svc@thomasjhenrylaw.com

2.      **Defendants and their attorneys of record:**

Edward L. Osuna / Nicholas Parma
CURNEY, FARMER, HOUSE, OSUNA & JACKSON, P.C.
411 Heimer Road
San Antonio, Texas 78232-4854
(210) 377-1990 (Telephone)
(210) 377-1065 (Facsimile)
Email:  eosuna@cfholaw.com
            nparma@cfholaw.com

Christopher C. White / Joel A. Richmond
LEWIS BRISBOIS BISGAARD & SMITH, LLP
2100 Ross Avenue, Suite 200
Dallas, Texas  75201
(214) 722-7100 (Telephone)
(214) 722-7111 (Facsimile)
Email:  Chris.white@lewisbrisbois.com
            Joel.richmond@lewisbrisbois.com

**EXHIBIT "D"**

Fay Cliett Gillham
GILLHAM LAW OFFICE
516 West Hopkins, Suite A
San Marcos, Texas 78666
(512) 392-3300 (Telephone)
(512) 392-3334 (Facsimile)
Email:  faygillham@austin.rr.com

Lora Wood
603 Oakwood Loop
San Marcos, Texas 78666
*Pro Se*

Cory Wood
323 Lookout Ridge
New Braunfels, Texas 78132
*Pro Se*

Dale Wood
603 Oakwood Loop
San Marcos, Texas 78666
*Pro Se*

Respectfully submitted,

**CURNEY, FARMER, HOUSE,
OSUNA & JACKSON, P.C.**
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone: (210) 377-1990
Facsimile: (210) 377-1065

By:    /s/ Nicholas A. Parma
          **Edward L. Osuna**
          State Bar No. 15339460
          eosuna@cfholaw.com
          **Nicholas A. Parma**
          State Bar No. 24007807
          nparma@cfholaw.com

*Attorneys for Defendant Danco Transport, LLC*

EXHIBIT "D"

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served on the following through the electronic filing manager, by mail, by commercial delivery service, by fax, by email, or by such other manner as directed by the court on the 25th day of November, 2019.

Gwen W. Tipton / Thomas J. Henry
THOMAS J. HENRY INJURY ATTORNEYS
5711 University Heights Blvd., Suite 101
San Antonio, Texas  78249
*Attorney for Plaintiff*

Dale Wood
603 Oakwood Loop
San Marcos, Texas 78666
*Pro Se*

Cory Wood
323 Lookout Ridge
New Braunfels, Texas 78132
*Pro Se*

Fay Cliett Gillham
GILLHAM LAW OFFICE
516 West Hopkins, Suite A
San Marcos, Texas 78666
*Attorney for Double Down Trucking*

Christopher C. White / Joel A. Richmond
LEWIS BRISBOIS BISGAARD & SMITH, LLP
2100 Ross Avenue, Suite 200
Dallas, Texas  75201
*Attorney for High Standard, LLC and Micah David Underwood*

Lora Wood
603 Oakwood Loop
San Marcos, Texas 78666
*Pro Se*

_____/s/ Nicholas A. Parma_____
**Edward L. Osuna / Nicholas A. Parma**

**EXHIBIT "D"**